THE MAYOR AND CITY COUNCIL OF GARFIELD, A MU-NICIPAL CORPORATION OF THE STATE OF NEW JER-SEY, PROSECUTOR, v. BOROUGH OF EAST PATERSON, A MUNICIPAL CORPORATION, AND MUNICIPAL MU-TUAL CORPORATION, A CORPORATION OF THE STATE OF NEW YORK, RESPONDENTS.

Decided November 23, 1936.

Before Justices PARKER and LLOYD.

For the prosecutor, *Joseph F. Matisovsky.*

For the respondent borough of East Paterson, *Dominick F. Pachella.*

For the respondent Municipal Mutual Corporation, *Jacob S. Karkus.*

PER CURIAM.

The application in this case is for a writ of *certiorari* to review certain sewer and sidewalk assessments levied by the borough of East Paterson on property of the city of Garfield. These assessments were made in September, 1931. In December, 1932, sale of the property for the non-payment of the assessments was effected and subsequently sale certificate transferred to a third party. There is now pending a bill in Chancery to foreclose the equity of redemption of the petitioner. In the meantime no legal proceedings have been taken by the petitioner questioning the validity of the assessments until the present application for the writ.

If this were an application by a private owner to have reviewed an assessment of such long standing, it would be summarily denied, and we fail to see any valid reason for entertaining the application because the property is in the ownership of a municipality.

The statutory provision respecting efforts to review such assessments contemplates prompt action (see section 56, *Pamph. L.* 1921, *ch.* 195, *p.* 515; *Cum. Supp. Comp. Stat.* 1911-1925, *p.* 2209, § *136-2057) in order that not only the rights but the status of the parties should be speedily determined.

The indebtedness, amounting to $7,000, seems to have been carried by the borough of East Paterson as an asset available to its creditors in the issuance of bonds, and as a result not only the borough and its inhabitants, but strangers thereto acting upon or under acquiescence of Garfield in the assessments would be seriously embarrassed by the questioning of the validity of the assessments at this late day.

The writ applied for is denied.